EL PUEBLO DE PUERTO RICO, recurrido, *v.* JORGE DAVID CASA-
NOVA CRUZ, peticionario.

*Número:* CE-86-313     *Resuelto:* 13 de noviembre de 1986

*Cándida Valdespino*, de la Sociedad para Asistencia Legal, abogada del peticionario; *Rafael Ortiz Carrión, Procurador General* y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Jorge David Casanova Cruz fue declarado culpable en el Tribunal Superior de Puerto Rico por cometer el delito de apropiación ilegal agravada. El 6 de octubre de 1982, fue sentenciado y condenado a seis (6) años de reclusión bajo los beneficios del programa de sentencias suspendidas. El 28 de junio de 1983, dichos beneficios le fueron revocados por haber sido encontrado culpable en la Corte de Distrito Federal para el Distrito de Puerto Rico, de haber cometido el delito de conspiración por hechos ocurridos el *1 de septiembre de 1982,* mientras se encontraba en libertad bajo fianza en espera de la conclusión del proceso local. El 30 de junio de 1983, el foro federal lo sentenció a doce (12) años de prisión, término que luego redujo a nueve (9) años. La sentencia federal no dispuso nada en cuanto a si sería cumplida de forma concurrente o consecutiva con la sentencia local.

Así las cosas, la Administración de Corrección, por razones de seguridad, solicitó el traslado del recluso a una prisión federal para que cumpliera allí la sentencia del Tribunal Superior y la impuesta por la Corte Federal. El traslado se llevaría a cabo bajo los términos de un acuerdo existente entre las autoridades correccionales de ambas jurisdicciones. El 11 de agosto de 1983, el Tribunal Superior accedió condicionado a que se cumplieran en forma *consecutiva* las dos sentencias.

Luego de varios incidentes procesales, Casanova Cruz cuestionó la autoridad del Tribunal Superior para alterar la

sentencia originalmente impuesta en autos. El tribunal rechazó sus planteamientos.

Ante nos plantea la ausencia de jurisdicción del tribunal para imponer como condición al traslado a la prisión federal, que las sentencias tengan que cumplirse en forma consecutiva. Mediante orden de mostrar causa revisamos la cuestión.

## II

■■■ La Regla 185 de Procedimiento Criminal faculta a un tribunal a corregir una sentencia ilegal en cualquier momento. En la cronología de eventos pendientes, antes del 6 de octubre de 1982, no existía sentencia de reclusión contra Casanova Cruz. No había pues, motivo alguno para que en ese momento el Tribunal Superior dispusiera si su sentencia debía cumplirse consecutiva o concurrentemente. Reglas 179 y 180. En estas circunstancias no aflora fundamento válido para justificar la posterior enmienda que impuso la condición de consecutividad con la dictada por el foro federal. La sentencia local no es contraria a derecho. La ilegalidad en el trámite más bien se proyecta posteriormente sobre la última orden y enmienda.

■■■ El Ministerio Público intenta encontrar apoyo a la actuación del tribunal de instancia interpretándola de forma diferente. Su tesis es que el Tribunal Superior no enmendó su sentencia original, ya que la orden de 11 de agosto de 1983, meramente reafirmó el estado de derecho vigente, a saber, que la sentencia federal comenzaría a ser cumplida una vez satisfecha la sentencia local de reclusión.

El argumento requiere aclarar el derecho aplicable a esta situación.

En lo pertinente, la Regla 180 (e) reza:

No podrán cumplirse concurrentemente los términos de prisión que deban imponerse en los siguientes casos:

·    ·    ·    ·    ·    ·    ·    ·

(e) Cuando el reo fuere sentenciado por delito cometido mientras estuviere en libertad bajo fianza, acusado por la comisión de delito grave.

Bajo este precepto, una sentencia no podrá cumplirse concurrentemente si el delito se cometió mientras el acusado estaba en libertad bajo fianza en espera de ser procesado por la comisión de un delito grave. Observamos sin embargo, que para que sea aplicable tiene que existir una sentencia previa de reclusión. Tal propósito surge claramente de la Exposición de Motivos de la Ley Núm. 106 de 4 de junio de 1980, que añadió el inciso (e):

La presente medida tiene el propósito de adicionar el inciso (e) a los términos de sentencia que no podrán cumplirse concurrentemente. Mediante la misma, se establece como mandatoria, la imposición de una sentencia consecutiva cuando una persona que está acusada por la comisión de un delito grave y que se encuentre en libertad bajo fianza comete un delito nuevamente. Entendemos que la medida aquí propuesta, por su efecto disuasivo en cuanto a la comisión de delito o delitos bajo la situación antes expuesta habrá de resultar en una mejor aplicación de la justicia en nuestro sistema.

■ En resumen, una sentencia dictada por un nuevo delito, cometido en libertad bajo fianza, debe ser consecutiva con cualquier sentencia por delito grave que se haya dictado previamente. *Informe sobre Reglas de Procedimiento Criminal de Puerto Rico según revisadas por el Secretariado de la Conferencia Judicial*, Revisión de 1985, pág. 309.

■ En el caso de autos, la actuación del Tribunal Superior tiene el efecto de extender la Regla 180 (e) más allá de lo contemplado. Le imprime carácter de consecutivo al cumplimiento *de la primera* de dos sentencias impuestas a Casanova Cruz, por el mero hecho de que éste cometió *el segundo* delito mientras se hallaba en libertad bajo fianza. La regla e intención legislativa no permiten esta interpretación. Bajo el en-

foque correcto, la segunda sentencia es la única que puede ser consecutiva a la primera.

## III

Ciertamente, de haberse cometido y encausado en nuestra jurisdicción el delito de conspiración por el que recayó la segunda sentencia, su cumplimiento hubiese tenido que ser consecutivo al de cualquiera otra sentencia por delito grave que existiera contra el convicto Casanova Cruz por haberlo cometido mientras se encontraba bajo fianza. Así lo ordena la Regla 180(e). Sin embargo, esa no es la situación en autos. La segunda sentencia —única que puede ser consecutiva o concurrente con la primera— fue dictada por la Corte Federal. No tenemos autoridad para exigir a ésta que otorgue a su sentencia efectos consecutivos a la nuestra en lugar de concurrentes.

■ Contrario a lo que afirma el Procurador General, el Tribunal Superior no tiene autoridad para aclarar e intervenir en este aspecto. Corresponde a la Corte Federal la determinación en cuanto a cómo deberá cumplirse la sentencia por el segundo delito.

Cuando se impone una sentencia de reclusión a un acusado que ya está sujeto a otra sentencia —impuesta en el estado o por un tribunal federal— toca al juez sentenciador determinar discrecionalmente si la sentencia actual será cumplida concurrente o consecutivamente con la sentencia previa, y si el juez sentenciador deja de manifestar cómo se cumplirá la sentencia, sí se entiende que ésta será cumplida concurrentemente. (Traducción nuestra.) IV *Wharton's Criminal Procedure* Sec. 629 (12ma ed. 1976) y casos allí citados.

Véase también *ABA Standards Relating to Sentencing Alternatives and Procedures*, Sec. 3.5 (1968).

En el caso de autos el recluso Casanova Cruz no ha pedido a la Corte Federal que aclare cómo será cumplida su sentencia. El único dato discernible al día de hoy es que se encuen-

tra sirviendo la pena de reclusión que le impuso el Tribunal Superior. Como esta condena tiene preeminencia en tiempo sobre toda otra sentencia de reclusión impuesta, su traslado a una prisión federal a cumplir cualesquiera de las dos sentencias dictadas, no puede tener el efecto de convertir la primera sentencia en una consecutiva a la segunda. Bajo el ordenamiento jurídico vigente, tal actuación sería un contrasentido lógico carente de fundamento.

■ Al parecer, solamente la segunda sentencia podría ser consecutiva a la primera, si así lo resolviera la Corte Federal que la dictó. La cuestión no es de nuestra competencia. (¹) Actualmente existen diversos enfoques, entre ellos una tendencia judicial de reciente cuño —inspirada en el estándar Núm. 3.5 de la A.B.A. (²)— de estimar que cuando una se-

---

(¹) Varias decisiones sostienen que la Corte Federal carece de facultad para ordenar que una sentencia federal se cumpla concurrentemente con una sentencia de un tribunal estatal. *Gomori* v. *Arnold*, 533 F.2d 871, 875 (3er Cir. 1976), *cert.* denegado, 429 U.S. 851 (1976); *United States* v. *Janiec*, 505 F.2d 983, 987–988 (3er Cir. 1974). A lo sumo, el Juez Federal podría recomendar al Procurador General de Estados Unidos, que designe una institución penal estatal como lugar para extinguir la pena de modo que sea concurrente con aquellas sentencias estatales que se cumplen en esa institución. *United States* v. *DeVino*, 531 F.2d 182 (3er Cir. 1976); *Hamilton* v. *Salter*, 361 F.2d 579, 581 (4to Cir. 1966).

(²) En lo pertinente lee:

"3.5 *Ofensas Múltiples: diferentes estados*

"(a) La falla en integrar las sentencias de reclusión por crímenes cometidos en diferentes estados inhibe seriamente un programa de tratamiento consistente y coherente durante el confinamiento. Similarmente, las órdenes de detención previenen típicamente el regreso del individuo a la comunidad en el momento óptimo. Por lo tanto, es altamente deseable que las sentencias múltiples de encarcelamiento impuestas por diferentes estados sean cumplidas a la vez y bajo una sola autoridad correccional. . . .

. . . . . . . .

"(iii) Las sentencias a ser cumplidas consecutivamente con una sentencia impuesta fuera del estado rara vez son apropiadas. La imposición de tal sentencia debería requerir la acción afirmativa del tribunal sentenciador, y debería ser permitida únicamente después de encontrar que el confinamiento por ese término es necesario para proteger al público de con-

gunda sentencia no dispone nada en cuanto a la forma de su cumplimiento, debe entenderse que se cumplirá concurrentemente con la primera. A. Campbell, *Law of Sentencing*, New York, The Lawyers Co-operative Pub. Co., 1978, Sec. 78, págs. 256–257 y casos allí citados. Repetimos, correspondería a la Corte Federal determinar este aspecto.

Por los fundamentos expuestos, *se dictará sentencia que expida el auto y modifique la resolución de 11 de agosto de 1983, para eliminar la condición de que se cumplan ambas sentencias en forma consecutiva. Así modificada, será confirmada.*

El Juez Asociado Señor Rebollo López no intervino.

ducta criminal adicional de parte del acusado." (Traducción nuestra.) *ABA Standards Relating to Sentencing Alternatives and Procedures* Sec. 3.5 (1968).