EL PUEBLO DE PUERTO RICO, peticionario, *v.* DAVID VALENTÍN RIVERA, recurrido.

*Número:* CE-87-223     *Resuelto:* 30 de junio de 1987

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Blanca Díaz Segarra, Procuradora General Auxiliar,* abogados del peticionario; *Gilberto González Barreto,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

■ Resolvemos que las sentencias dictadas en distintos casos, en una misma fecha y acto, no afectan el mandato de imposición de prisión consecutiva de la Regla 180 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

## I

El 19 de marzo de 1985, David Valentín Rivera —quien a la sazón disfrutaba de los beneficios de libertad bajo palabra— fue acusado de los delitos graves de violar los Arts. 272 y 275 del Código Penal, 33 L.P.R.A. secs. 4592 y 4595 (posesión y traspaso de documentos falsificados y falsificación de licencia, G-86-349 y G-86-350). Se le impuso y prestó fianza por dichos delitos. Otra vez cometió otros delitos graves en lugares correspondientes a las demarcaciones territoriales de Ponce, Mayagüez y Aguadilla.

Valentín Rivera solicitó y logró que los casos pendientes en el Tribunal Superior, Salas de Ponce y Mayagüez, fueran trasladados a la Sala de Aguadilla. Allí hizo alegación de culpabilidad en todos los catorce (14) casos. El 30 de junio de 1986, dicho foro lo sentenció y condenó a un período de confinamiento global o integral de seis (6) años. Mediante enmienda *nunc pro tunc* aclaró que las mismas habrían de cumplirse consecutivamente con cualquier otra sentencia que estuviere cumpliendo, ya que al momento de la ocurrencia de los hechos por los cuales se declaró culpable, se encontraba en libertad bajo palabra.

El 7 de noviembre de 1986 el Ministerio Público solicitó que se corrigiera esa sentencia en lo concerniente a los delitos cometidos mientras Valentín Rivera se encontraba en libertad bajo fianza. Adujo que debían cumplirse *consecutivamente* y no concurrentemente con la de los delitos cometidos mientras se encontraba en libertad bajo palabra. La sala sentenciadora se negó. Consideró que el caso de *Pueblo v. Casanova Cruz*, 117 D.P.R. 784 (1986), se lo impedía. Interpretó que esa decisión exigía una sentencia

previa de reclusión para que pudiese aplicarse la Regla 180(e) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. A juicio del ilustrado foro, como aquí se dictaron sentencias simultáneamente en un mismo acto o pronunciamento, no existía una "sentencia previa" y, por ende, no podía aplicar dicha regla.

A solicitud del Procurador General, mediante orden de mostrar causa, revisamos.

## II

El dictamen no puede prevalecer. La Regla 180, *supra*, según enmendada, dispone:

> No podrán cumplirse concurrentemente los términos de prisión que deban imponerse en los siguientes casos:
>
> (a) Cuando el reo fuere sentenciado por delito cometido mientras estuviere bajo apelación de otra causa o causas o mientras estuviere en libertad por haberse anulado los efectos de una sentencia condenatoria.
>
> (b) Cuando el reo estuviere recluido. o tuviere que ser recluido por sentencia a prisión en defecto de pago de cualquier multa impuéstale.
>
> (c) Cuando el reo cometiere el delito mientras estuviere recluido en una institución penal o cumpliendo cualquier sentencia.
>
> (d) *Cuando el reo cometiere delito mientras estuviere en libertad bajo palabra* o bajo indulto condicional o bajo cualquier medida de liberación condicional en la cual se le considerare cumpliendo la sentencia impuesta por el tribunal. .
>
> (e) *Cuando el reo fuere sentenciado por delito cometido mientras estuviere en libertad bajo fianza,* acusado por la comisión de delito grave. (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 180.

En *Pueblo* v. *Casanova Cruz*, supra, págs. 787–788, al interpretar el inciso (e) dijimos:

> Bajo este precepto, una sentencia no podrá cumplirse concurrentemente si el delito se cometió mientras el acusado

estaba en libertad bajo fianza en espera de ser procesado por la comisión de un delito grave. Observamos sin embargo, que para que sea aplicable tiene que existir una sentencia previa de reclusión. Tal propósito surge claramente de la Exposición de Motivos de la Ley Núm. 106 del 4 de junio de 1980, que añadió el inciso (e):

"La presente medida tiene el propósito de adicionar el inciso (e) a los términos de sentencia que no podrán cumplirse concurrentemente. Mediante la misma, se establece como mandatoria, la imposición de una sentencia consecutiva cuando una persona que está acusada por la comisión de un delito grave y que se encuentre en libertad bajo fianza comete un delito nuevamente. Entendemos que la medida aquí propuesta, por su efecto disuasivo en cuanto a la comisión de delito o delitos bajo la situación antes expuesta habrá de resultar en una mejor aplicación de la justicia en nuestro sistema."

*En resumen, una sentencia dictada por un nuevo delito, cometido en libertad bajo fianza, debe ser consecutiva con cualquier sentencia por delito grave que se haya dictado previamente. Informe sobre Reglas de Procedimiento Criminal de Puerto Rico según Revisadas por el Secretariado de la Conferencia Judicial,* Revisión de 1985, pág. 309.

En el caso de autos, la actuación del Tribunal Superior tiene el efecto de extender la Regla 180(e) más allá de lo contemplado. Le imprime carácter de consecutivo al cumplimiento *de la primera* de dos sentencias impuestas a Casanova Cruz, por el mero hecho de que éste cometió *el segundo* delito mientras se hallaba en libertad bajo fianza. La regla e intención legislativa no permiten esta interpretación. Bajo el enfoque correcto, la segunda sentencia es la única que puede ser consecutiva a la primera. (Énfasis suplido.)

■ El alcance verdadero de estos pronunciamientos debe examinarse a la luz del contexto fáctico peculiar allí presente. Bajo esa óptica, la única norma racional y razonable que decisoriamente aflora es que, obviamente, para que una sentencia sea *consecutiva* tiene siempre que haber otra. Y en *Pueblo* v. *Casanova Cruz*, supra, sólo existía

*una* (1) dictada en nuestra jurisdicción, pues la otra fue posteriormente emitida por el foro federal.

■ Distinto a esa situación, aquí, al cometer Valentín Rivera los delitos mientras disfrutaba libertad bajo palabra, por imperativo de la Regla 180, *supra*, procedía imponérsele sentencia consecutiva con aquella que cumplía por la Junta de Libertad bajo Palabra. Si posteriormente —en libertad bajo fianza— cometió otros delitos, también era menester la imposición de sentencia consecutiva con aquellos delitos que cumplía mientras estaba en libertad bajo palabra. Regla 180(e), *supra*.

■ No obstante, Valentín Rivera pretende evitar la interacción y operación mandatoria de la Regla 180, *supra*, a base de la imaginativa tesis de cronología simultánea originada en los traslados y consolidación de todos sus casos anteriores por delitos cometidos durante su libertad bajo palabra y fianza. La ficción de simultaneidad no puede prevalecer. La consolidación de casos no tiene ese alcance. Las sentencias dictadas en un mismo día y acto no afectan la realidad fáctica de que *lo realmente importante son las fechas en que se cometieron los delitos graves y si estaba en libertad bajo palabra o bajo fianza.* Una vez aceptó su culpabilidad por tales delitos, el tribunal de instancia tenía que imponerle el cumplimiento de las sentencias de forma consecutiva.

*Se dictará sentencia que revoque la resolución del Tribunal Superior, Sala de Aguadilla. Dicho foro deberá corregir sus sentencias conforme lo expuesto.*