EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrida<br><br>v.<br><br>Heriberto García Parra<br><br>Peticionario | Certiorari<br><br>2005 TSPR 106<br><br>165 DPR ____ |

Número del Caso: CC-2004-361

Fecha: 29 julio 2005

Tribunal de Apelaciones:

       Región Judicial de Carolina

Juez Ponente:

       Hon. Ismael Colón Birriel

Abogada del Peticionario:

       Lcda. Wanda T. Castro Alemán

Oficina del Procurador General:

       Lcda. Janitza Alsina Rivera
       Procuradora General Auxiliar


Materia: Regla 180 (E) de Procedimiento Criminal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                      CC-2004-361   Certiorari

Heriberto García Parra

    Peticionario


Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton


San Juan, Puerto Rico, a 29 de julio de 2005.

Nos corresponde examinar si, de conformidad con la Regla 180(e) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R 180(e), un tribunal puede disponer que una sentencia habrá de cumplirse consecutivamente con otra que todavía no ha sido dictada. Por entender que, para propósitos de la imposición obligatoria de sentencias consecutivas en virtud de la Regla 180(e), lo determinante es si el delito fue cometido mientras el acusado se encontraba bajo fianza y no el orden en que fueron dictadas las respectivas sentencias, confirmamos.

I.

El Ministerio Público presentó cinco (5) acusaciones contra el Sr. Heriberto García Parra (en

adelante, el señor García Parra) en el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, Sala de Ponce) por los delitos de secuestro, tentativa de violación, actos lascivos e impúdicos, agresión agravada grave y una infracción al artículo 4 de la entonces vigente Ley de Armas. Luego de que se le encontró causa probable para arresto, el señor García Parra prestó la fianza que se le impuso quedando así en libertad provisional hasta la celebración del juicio.

Algunos meses después, por hechos ocurridos mientras disfrutaba de libertad bajo fianza, el señor García Parra fue imputado de nuevos delitos de secuestro y violación, esta vez en el Tribunal de Primera Instancia, Sala de Carolina (en adelante, Sala de Carolina).

Estando pendiente el primer proceso penal, la Sala de Carolina dictó sentencia contra el señor García Parra declarándolo culpable de los hechos imputados en el segundo. Éste fue sentenciado a cuarenta (40) y cincuenta (50) años de reclusión por los delitos de secuestro y violación, respectivamente, a cumplirse concurrentemente entre sí. Nada se dispuso en cuanto a la naturaleza concurrente o consecutiva de esta sentencia en relación con la que en su día pudiera dictar la Sala de Ponce.

Casi tres años más tarde, culminó el primer proceso penal iniciado contra el señor García Parra. Éste fue declarado culpable y se le sentenció a cuarenta (40) años de prisión por el delito de secuestro a cumplirse

concurrentemente con las penas impuestas por los delitos de tentativa de violación, actos lascivos e impúdicos, agresión agravada grave e infracción al artículo 4 de la Ley de Armas. La Sala de Ponce no expresó si dichas penas serían cumplidas concurrente o consecutivamente con cualesquiera otros términos de prisión que estuviera cumpliendo el acusado.

Poco tiempo después de que la Sala de Ponce dictara sentencia, la Administración de Corrección presentó ante la Sala de Carolina una moción al amparo de la Regla 185 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 185 (en adelante, Regla 185).[1] Solicitó, en esencia, que se enmendaran las sentencias impuestas por dicha Sala al señor García Parra para que se cumplieran de forma consecutiva con las emitidas por la Sala de Ponce. Alegó que, de conformidad con la Regla 180(e) de Procedimiento Criminal[2] (en adelante, Regla 180(e)), la sentencia dictada por la Sala de Carolina no podía ser cumplida concurrentemente con la sentencia emitida posteriormente por la Sala de Ponce. Esto porque los delitos enjuiciados en la Sala de Carolina fueron cometidos mientras el señor García Parra estaba libre bajo fianza. Posteriormente, el Ministerio Público se unió a dicha solicitud.

---

[1] Dicha regla le permite al tribunal sentenciador corregir una sentencia errónea en cualquier momento.

[2] La Regla 180(e) es la que obliga al tribunal sentenciador a disponer la consecutividad de la sentencia impuesta por delitos cometidos mientras el reo estaba bajo fianza con cualesquiera otras que el convicto estuviere cumpliendo.

Oportunamente, la defensa se opuso y adujo que la sentencia emitida por la Sala de Carolina era totalmente legal por lo que no procedía que se enmendara. Argumentó que el tribunal sentenciador actuó correctamente pues, al no existir otro dictamen judicial al momento de emitirse dicha sentencia, no podía disponerse su consecutividad con una sentencia futura cuya existencia era incierta.

Luego del examen de rigor, la Sala de Carolina acogió el planteamiento del Ministerio Público y procedió a enmendar las sentencias impuestas al señor García Parra para que fueran cumplidas consecutivamente con las impuestas por la Sala de Ponce. De este dictamen la defensa acudió al Tribunal de Apelaciones. Dicho foro confirmó la actuación del tribunal de instancia. Señaló que lo esencial en este caso es que el señor García Parra cometió los delitos mientras estaba bajo fianza por un delito previo y no la fecha en que fue sentenciado.

Inconforme, el Sr. García Parra acude ante nos cuestionando el dictamen del foro apelativo. Reitera su argumento de que las sentencias dictadas originalmente por la Sala de Carolina eran válidas y, por tanto, no procedía la enmienda solicitada por el Ministerio Público. Luego de expedir el auto solicitado y examinar las comparecencias de las partes, procedemos a resolver.

II.

A.

Para expresarnos sobre la temática que nos concierne es necesario aclarar el significado y alcance de las Reglas 179 y 180(e) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 179 y 180.

La Regla 179 preceptúa que cuando el tribunal omita determinar que las sentencias habrán de cumplirse de forma consecutiva, la sentencia impuesta habrá de cumplirse concurrentemente con cualquier otra. La consecuencia de la referida Regla es que, como regla general, el tribunal tiene discreción para establecer si las sentencias se cumplirán consecutiva o concurrentemente.

Sin embargo, en la Regla 180 se contemplan una serie de circunstancias en las que el juez tiene la **obligación** de establecer que la sentencia impuesta se cumplirá consecutivamente con otra que esté cumpliendo el acusado.

Dicha Regla dispone, en lo pertinente, lo siguiente:

> No podrán cumplirse concurrentemente los términos de prisión que deban imponerse en los siguientes casos:
> [...]
> (e) Cuando el reo fuere sentenciado por delito cometido mientras estuviere bajo fianza. 34 L.P.R.A. Ap. II, R. 180.

El historial de la Ley Núm. 106 de 4 de junio de 1980 revela que la intención legislativa al añadir el inciso (e) a la Regla 180 fue la de disuadir a futuros ofensores de cometer delitos mientras se encuentran disfrutando de libertad provisional bajo fianza. Por tal razón, en la

Exposición de Motivos de dicha ley, la Asamblea Legislativa expresó que:

> La presente medida tiene el propósito de añadir el inciso (e) a los términos de sentencia que no podrán cumplirse concurrentemente... Entendemos que la medida aquí propuesta, **por su efecto disuasivo en cuanto a la comisión de delito o delitos bajo la situación antes expuesta** [mientras el acusado está libre bajo fianza] habrá de resultar en una mejor aplicación de la justicia en nuestro sistema. (Énfasis suplido)

En Pueblo v. Casanova Cruz, 117 D.P.R. 784 (1986), tuvimos la oportunidad de expresarnos sobre el alcance de la referida Regla. En ese caso, el acusado fue encontrado culpable y sentenciado en el foro estatal por el delito de apropiación ilegal agravada. Mientras se encontraba bajo fianza por el anterior delito, el acusado cometió el delito de conspiración por el cual fue posteriormente encontrado culpable en el Tribunal Federal para el Distrito de Puerto Rico. El Tribunal Superior alteró la sentencia emitida por el delito que dio lugar a la fianza con el fin de imponerla de forma consecutiva con la dictada por el foro federal. El acusado cuestionó la jurisdicción y autoridad del Tribunal para tomar dicha determinación.

Al revocar al Tribunal Superior reconocimos que la única sentencia que obligatoriamente tiene que ser impuesta de forma consecutiva a otra es la que se emite por los delitos cometidos mientras el acusado estaba bajo fianza. Resolver lo contrario equivaldría a invertir la norma establecida por la Regla 180(e) pues le estaríamos imprimiendo carácter consecutivo a la sentencia que fue

dictada por los delitos iniciales y no a aquella que fue impuesta por los delitos cometidos mientras el acusado se encontraba bajo fianza. *Id.,* a la pág. 787. Según se ha comentado sobre este caso:

> Es inaplicable la Regla 180(e), **pues el delito de apropiación ilegal por el cual fue sentenciado localmente el acusado no fue cometido mientras éste se hallaba bajo fianza.** (énfasis suplido) Ernesto L. Chiesa Aponte, *III Derecho Procesal Penal de Puerto Rico y Estados Unidos* 560 (Forum, 1993).

El caso de Pueblo v. Casanova Cruz presentaba la ulterior complicación de que la sentencia por los delitos cometidos mientras el acusado estaba bajo fianza fue dictada por el Tribunal Federal. En ese contexto expresamos que, siendo los delitos federales los que fueron cometidos mientras el acusado estaba bajo fianza, "no tenemos autoridad para exigir a [el Tribunal Federal] que otorgue a su sentencia efectos consecutivos a la nuestra en lugar de concurrentes". Pueblo v. Casanova Cruz, *supra*, a la pág. 788. Es decir, reconocimos que, en nuestra jurisdicción, sólo existía **una** sentencia y que, al no existir otra sentencia dictada por los foros locales, la cuestión de disponer de la consecutividad de la sentencia emitida "no es de nuestra competencia". *Id.,* a la pág. 789.

Un año más tarde tuvimos la oportunidad de aclarar la norma antes expuesta en el caso de Pueblo v. Valentín Rivera, 119 D.P.R. 281 (1987). En este caso el acusado cometió una serie de delitos mientras se encontraba en libertad bajo fianza. La defensa solicitó que se

consolidaran todos los casos y el acusado se declaró culpable tanto de los delitos que dieron lugar a la fianza como de los delitos cometidos mientras disfrutaba de la libertad bajo fianza. Se solicitó al Tribunal Superior que dispusiera que la sentencia por los delitos cometidos mientras estaba bajo fianza se cumpliría consecutivamente con la de los delitos que dieron lugar a la imposición de la fianza. El Tribunal Superior se negó por entender que nuestra decisión en Pueblo v. Casanova Cruz, *supra*, se lo impedía. Interpretó que esa decisión exigía una "primera sentencia" a la cual se le pueda imponer de forma consecutiva una "segunda sentencia". Según su criterio, dicho requisito estaba ausente en este caso pues se dictaron todas las sentencias *simultáneamente* en un mismo acto o pronunciamiento y, por ende, no existía una "sentencia previa" a la cual se le pudiera imponer otra de forma consecutiva.

Al revocar al Tribunal Superior reconocimos que el hecho de que las sentencias sean dictadas en un mismo día y acto **"no afecta la realidad fáctica de que lo verdaderamente importante son las fechas en que se cometieron los hechos y si el acusado estaba en libertad bajo fianza"**. Pueblo v. Valentín Rivera, *supra*, a la pág. 285. Una vez el acusado acepta su culpabilidad por los delitos cometidos bajo fianza, el tribunal viene obligado a imponerle esa sentencia de forma consecutiva con cualquier

otra **aunque no exista una "primera sentencia" a la cual imponer una "segunda sentencia" de forma consecutiva.**

En esa ocasión, aprovechamos la oportunidad para aclarar el verdadero alcance de nuestras expresiones en Pueblo v. Casanova Cruz, *supra*, sobre la importancia del orden temporal de las sentencias. Ahí dijimos lo siguiente:

> El alcance verdadero de estos pronunciamientos debe examinarse a la luz del contexto fáctico peculiar allí presente. Bajo esta óptica, la única norma racional y razonable que decisoriamente aflora es que, obviamente, **para que una sentencia sea consecutiva tiene siempre que haber otra. Y en *Pueblo v. Casanova Cruz, supra*, sólo existía *una* (1) dictada en nuestra jurisdicción, pues la otra fue posteriormente emitida por el foro federal.**(énfasis suplido) Pueblo v. Valentín Rivera, *supra*, a la pág. 284-285.

En fin, según señalamos en Pueblo v. Valentín Rivera, *supra*, nuestra decisión en Pueblo v. Casanova Cruz sólo implica que para imponer un término de reclusión consecutivamente con otro es necesario que existan dos (2) sentencias. Señalamos, además, que lo verdaderamente importante era si el acusado estaba bajo fianza mientras cometió el delito y no las fechas en que se impusieron las sentencias.

En Pueblo v. Valentín Rivera, *supra*, nos expresamos acerca de cómo aplicar la Regla 180(e) cuando la sentencia por los delitos que dieron lugar a la fianza fue dictada en el mismo tiempo y acto que la sentencia por los delitos cometidos mientras el acusado estaba bajo fianza. Sin embargo, en el pasado no habíamos tenido la oportunidad de aclarar cuál debe ser la norma cuando la sentencia por los

delitos cometidos mientras el acusado se encuentra bajo fianza es emitida antes que la sentencia por los delitos que dieron lugar a la fianza.

No obstante, existen ciertos pronunciamientos en la esfera federal que, a modo ilustrativo, nos ayudan a aclarar esta controversia. Así, hace más de cien años, en Blitz v. United States, 153 U.S. 308, 318 (1894), el Tribunal Supremo de los Estados Unidos avaló la práctica de imponer una sentencia consecutiva con otra aún cuando el contenido específico de esta segunda sentencia era todavía incierto. Más recientemente, en un caso similar al de autos, el Tribunal de Apelaciones para el décimo circuito expresó:

> In his brief Anderson contends that 'no court has the authority to impose a sentence consecutive to something that does not exist.' A sentence in a criminal case must be definite and certain. Though uncertain at the time, depending upon a possible contingency that no sentence will result from the pending state charge, it will be made certain by the event. ***No uncertainty can be said to exist here for the court clearly meant the sentence to be consecutive 'to any (state) confinement' under which Anderson would become obligated...*** (énfasis suplido y citas omitidas) Anderson v. United States, 405 F.2d 492 (10° Cir. 1969), Cert. Denegado 394 U.S. 965.

En fin, conforme a esta jurisprudencia es permisible imponer una sentencia consecutiva con otra que aún no se ha dictado, pero que en su día recaerá --bien a modo de absolución o de convicción-- en un proceso que todavía está pendiente contra un acusado.

B.

Por otro lado, la Regla 185 dispone en su inciso (a) que "el tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento". Además, en virtud de esta regla, se pueden corregir sentencias erróneas en cualquier momento. Pueblo v. Pérez Rivera, 129 D.P.R. 306, 322 (1991); González de Jesús v. Jefe de Penitenciaría, 90 D.P.R. 31, 33 (1964).

Una sentencia es ilegal cuando es dictada en violación a la ley penal. La violación usualmente surge en relación con los términos y condiciones que limitan la pena por convicción por cierto delito. Un ejemplo de una sentencia ilegal o errónea es la que se impone de forma concurrente con otra a pesar de que la Regla 180 requiere que se cumpla de forma consecutiva. Véase, Ernesto L. Chiesa Aponte, *supra*, pág. 563.

Por tal razón, en Pueblo v. Casanova Cruz, *supra*, reconocimos que el vehículo adecuado para corregir sentencias impuestas en contravención a la Regla 180(e) es el provisto por la Regla 185.

C.

De conformidad con esta normativa, un tribunal sentenciador puede disponer, para cumplir con el mandato de la Regla 180(e), que "la sentencia impuesta habrá de cumplirse consecutivamente con la que en su día recaiga en el proceso ventilándose contra el acusado por los delitos que dieron lugar a la fianza."

Incluso, **en situaciones como la del caso de autos**, el tribunal **viene obligado** a disponer que su sentencia habrá de cumplirse consecutivamente con la que en su día recaiga contra el acusado en el caso pendiente por los delitos que dieron lugar a la fianza. De no hacerlo, la sentencia emitida sería errónea. Sólo así se cumple con el mandato de la Regla 180(e) de que la sentencia emitida por la comisión de delitos mientras el reo se encontraba bajo fianza se imponga de forma consecutiva a la sentencia por los delitos que dieron lugar a la fianza.

Cuando un tribunal incorrectamente omita disponer que la sentencia impuesta por ciertos delitos se ha de cumplir consecutivamente con la que en su día recaiga en un proceso pendiente por otros delitos, el vehículo correcto para remediar dicho error es enmendar el dictamen mediante la Regla 185(a).

A la luz de esta normativa, pasemos a discutir la situación que tenemos ante nos.

III.

A.

El señor García Parra sostiene que ciertas expresiones nuestras en Pueblo v. Casanova Cruz, supra, apoyan su contención de que la enmienda solicitada por el Ministerio Público a la sentencia dictada por la Sala de Carolina no procedía. Ese caso, según aclarado en Pueblo v. Valentín Rivera, *supra*, es distinto al de autos. Allí se pretendía corregir la sentencia impuesta por el delito que dio lugar

a la fianza para que fuera cumplida consecutivamente con la dictada por el delito cometido mientras el acusado estaba bajo fianza. La Regla 180(e) no permite tal cosa. En el caso de autos, por el contrario, se cumplió con el mandato contenido en dicha regla pues se corrigió una sentencia dictada por un delito cometido mientras el acusado se encontraba bajo fianza con el fin de que se cumpliera consecutivamente con la sentencia por el delito que dio lugar a la fianza.

El señor García Parra también nos señala que, como cuestión procesal, aún cuando los delitos imputados en la Sala de Carolina fueron cometidos mientras él se encontraba bajo fianza, dicha sala no podía disponer la consecutividad de sus sentencias con la emitida por la Sala de Ponce. Esto porque la sentencia de la Sala de Ponce no existía al momento en el que la Sala de Carolina debía dictar su sentencia. Por tal razón, la defensa alega que, al momento de dictarse, las sentencias impuestas por la Sala de Carolina eran válidas. Alega, además, que la Regla 185 solamente permite que se modifiquen aquellas sentencias que son ilegales y que, siendo legales las dictadas originariamente por la Sala de Carolina, no era posible utilizar dicha Regla para enmendarlas. Tampoco le asiste la razón.

Tal y como expresamos anteriormente, es legítimo que un tribunal disponga que la consecutividad de una sentencia habrá de comenzar en el momento en que termine un

procedimiento que aún está pendiente de resolución final. Ésa precisamente era la única manera en que la Sala de Carolina podía cumplir con el mandato de la Regla 180(e).

Cualquier sentencia emitida en casos como el de autos que incumpla con dicho mandato es errónea. Por tal razón, la sentencia original emitida por la Sala de Carolina, en tanto no dispuso que habría de cumplirse consecutivamente con la que en su día fuera dictada en el proceso iniciado contra el acusado en la Sala de Ponce por los delitos que dieron lugar a la fianza, era errónea desde el momento que fue emitida. Por lo tanto, la Sala de Carolina actuó correctamente al enmendarla para conformarla al mandato de la Regla 180(e).

Por todo lo anterior, no podemos acoger un razonamiento que llevaría al absurdo procesal de que la imposición de sentencias consecutivas dependa del fortuito devenir de los procesos judiciales. Nótese que, de acoger los planteamientos de la defensa en el caso de autos, se daría lugar a que un acusado evite la aplicación obligatoria de la Regla 180(e) mediante manipulaciones de calendario.[3]  Bajo tal interpretación se perdería el efecto disuasivo que pretendía tener dicha Regla.

---

[3] Se fomentaría, por ejemplo, que un acusado se declare culpable con el fin de adelantar la culminación del proceso en el que se le acusa de haber cometido un delito mientras estaba libre bajo fianza y, simultáneamente, dilate los procedimientos en el caso por los delitos que dieron lugar a la fianza. Así, de acogerse la interpretación de la Regla 180(e) que la defensa propone, el acusado evitaría la imposición de sentencias consecutivas pues la sentencia por los delitos cometidos mientras se estaba bajo fianza se

IV.

En fin, el Tribunal de Primera Instancia de Carolina actuó correctamente al acoger la solicitud de enmienda a la sentencia dictada en el caso de autos toda vez que era errónea porque no dispuso que se habría de cumplir consecutivamente con la que en su día recayera en el proceso pendiente contra el acusado en la Sala de Ponce. Solamente así se cumple con el mandato de la Regla 180(e) de que la sentencia emitida por la comisión de delitos mientras el reo se encontraba bajo fianza se imponga de forma consecutiva a la sentencia por los delitos que dieron lugar a la fianza. El orden en que fueron emitidas dichas sentencias es irrelevante.[4] Por ende, procede confirmar el dictamen del Tribunal Apelativo.

Se dictará la Sentencia correspondiente.

Federico Hernández Denton
Juez Presidente

_____

dictaría antes que la de los delitos que dieron lugar a la fianza.

[4] En casos como éste procede, a manera de excepción, que el convicto termine de cumplir la condena que se le impuso por los delitos cometidos mientras estaba bajo fianza y luego empiece a cumplir la condena por los delitos que dieron lugar a la fianza. En el caso de autos, por tanto, el acusado debe terminar de cumplir la condena que se le impuso en la Sala de Carolina para luego empezar a cumplir la que se le impuso en la Sala de Ponce.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        v.                CC-2004-361   Certiorari

Heriberto García Parra

    Peticionario


SENTENCIA


San Juan, Puerto Rico, a 29 de julio de 2005.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se confirma el dictamen del Tribunal de Apelaciones.

      Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo