

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Francisco Torres Rodríguez<br><br>Recurrido | Certiorari<br><br>2012 TSPR 118<br><br>186 DPR ____ |

Número del Caso: CC-2011-601

Fecha: 12 de julio de 2012

Tribunal de Apelaciones:

Región Judicial de Ponce

Oficina de la Procuradora General:

Lcda. Irene Soroeta Kodesh
Procuradora General

Lcda. Lisa M. Durán Ortiz
Procuradora General Auxiliar

Abogada de la Parte Recurrida:

Lcda. Tanaira Padilla Rodríguez

Materia: Derecho Penal – Cómputo de sentencia impuesta a acusado que se encuentra encarcelado extinguiendo sentencia por otro delito; Regla 182 de Procedimiento Criminal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                        CC-2011-601     *Certiorari*

Francisco Torres Rodríguez

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

En San Juan, Puerto Rico, a 12 de julio de 2012.

Este caso nos brinda la oportunidad de aclarar que, cuando un confinado se encuentra encarcelado extinguiendo una sentencia y se le imputa un nuevo delito, el tiempo que continúe extinguiendo la condena original no se abona a alguna sentencia posterior, pues no se trata de una detención preventiva en espera de juicio, a tenor con la Regla 182 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 182.

I.

El Sr. Francisco Torres Rodríguez fue sentenciado el 25 de enero de 1992 a cumplir veinticuatro (24) años de cárcel por los delitos de robo, secuestro, escalamiento e infracciones a la Ley de Armas.

Mientras se encontraba encarcelado extinguiendo esa condena, se le imputó haber cometido un asesinato en primer grado y violaciones a la Ley de Armas. Esta denuncia, que se basó en hechos ocurridos en el año 1991 -antes de la convicción original- se presentó el 13 de septiembre de 2002 y el Tribunal de Primera Instancia emitió un auto de prisión provisional imponiendo una fianza global de $80,000.00.

El 16 de junio de 2004, mientras esperaba el juicio por el delito de asesinato, el señor Torres Rodríguez extinguió su condena de 1992, habiendo cumplido apenas doce (12) años de cárcel. Acto seguido, presentó un recurso de hábeas corpus y solicitó su excarcelación por haber estado detenido más de ciento ochenta (180) días conforme al mandato constitucional sobre la detención preventiva. Art. II, Sec. 11, Const. E.L.A., Título 1, L.P.R.A., pág. 344. A esa fecha, habían transcurrido casi dos (2) años desde la presentación de la denuncia por asesinato y violaciones a la Ley de Armas. Examinados los hechos, el foro de primera instancia concedió el auto solicitado y ordenó la excarcelación. Resolvió que el término bajo el cual se computa la detención preventiva comienza desde que se ingresa al acusado con el auto de prisión provisional y que el estar cumpliendo alguna otra sentencia no interrumpe el término que obliga al Ministerio Público a iniciar el juicio.

No obstante, el acusado permaneció encarcelado y, el 5 de noviembre de 2004, fue sentenciado a ciento cuarenta y ocho (148) años y seis (6) meses de cárcel por asesinato en

primer grado y reincidencia.[1] La Administración de Corrección le acreditó a esa nueva sentencia, como detención preventiva, desde el 16 de junio de 2004 hasta el 5 de noviembre de 2004. Esto es, le abonaron a la nueva sentencia el periodo durante el cual estuvo encarcelado, contado a partir de que extinguió la condena anterior y no desde que se le presentaron las denuncias, cuando le restaba más de un año para extinguir la sentencia de 1992.

Ante ese cuadro de hechos, el señor Torres Rodríguez solicitó al Tribunal de Primera Instancia, en diciembre de 2010, que se le acreditara también a su nueva sentencia el periodo durante el cual, aunque cumpliendo cárcel por la sentencia dictada en 1992, estuvo encarcelado en espera de juicio por asesinato. Esto es, desde el 13 de septiembre de 2002, hasta el 16 de junio de 2004. Ello implica que se le reduzca a su nueva sentencia el tiempo que discurrió a partir del momento en que se le presentó la denuncia por el delito de asesinato hasta que fue sentenciado; una concurrencia de dos sentencias distintas que conllevaría, según el recurrido, la reducción de aproximadamente veintidós (22) meses a su sentencia actual.

En apoyo a su solicitud, el señor Torres Rodríguez planteó ante el Tribunal de Primera Instancia que la Administración de Corrección había desacatado el mandato de la Regla 182 de Procedimiento Criminal, *supra*, y el Art. 42 del Código Penal de 1974, 33 L.P.R.A. 3204 (2003).

---

[1] El 7 de marzo de 2008, esa sentencia fue enmendada y reducida a noventa y nueve (99) años de prisión, eliminándose la determinación de reincidencia.

Por un lado, la Regla 182, *supra*, dispone que:

[e]l tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.

De otra parte, el Art. 42 del Código Penal de 1974 expresaba, en lo pertinente, que:

Abonos de detención o de términos de reclusión

A la persona convicta de delito se le abonarán los términos de detención o reclusión que hubiese sufrido, en la siguiente forma:

(a) El tiempo de reclusión sufrido por cualquier convicto desde su detención y hasta que la sentencia haya quedado firme, se abonará en su totalidad para el cumplimiento de la pena, cualquiera que ésta sea.

[…]

*Íd.*

El texto del Art. 75 del Código Penal de 2004, 33 L.P.R.A. sec. 4703, es prácticamente idéntico al del Art. 42 del Código Penal anterior. A tenor con ello, el señor Torres Rodríguez planteó, en esencia, que la Administración de Corrección incumplió con la orden de excarcelación emitida por el Tribunal de Primera Instancia el 18 de junio de 2004, cuando declaró con lugar el auto de hábeas corpus antes mencionado. Es decir, que como el foro de primera instancia ya había reconocido que el señor Torres Rodríguez tenía derecho a ser excarcelado cuando extinguió su condena de 1992, el 16 de junio de 2004, ello significa que el periodo entre la presentación de las denuncias y esa fecha era una

detención preventiva bajo la referida Regla 182, *supra*, que, por consiguiente, debe ser abonada.

En esta ocasión, el Tribunal de Primera Instancia denegó la solicitud del señor Torres Rodríguez y concluyó que cuando se tiene un doble estatus de sumariado y sentenciado no hay una detención preventiva que abonar. Añadió que, por estar cumpliendo una sentencia previa, aun si hubiera prestado la fianza impuesta, no habría podido abandonar la cárcel, por lo que nunca estuvo bajo detención preventiva.[2]

Inconforme, el señor Torres Rodríguez presentó una moción de reconsideración con fundamentos de derecho adicionales. En ella argumentó que el texto de las disposiciones antes transcritas es claro y libre de toda ambigüedad y que, conforme al Art. 14 del Código Civil de Puerto Rico, la ley no puede ser menospreciada bajo el pretexto de cumplir su espíritu. 31 L.P.R.A. sec. 14. Añadió que la interpretación de los estatutos penales debe hacerse de manera restrictiva cuando perjudica al acusado y liberalmente en cuanto lo favorece. Por último, expresó que una circunstancia distinta sería si la nueva condena hubiera sido dictada como una consecutiva al amparo de las Reglas 179 y 180 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 179 y R. 180. El Tribunal de Primera Instancia denegó la reconsideración.

Insatisfecho, el señor Torres Rodríguez acudió ante el Tribunal de Apelaciones. Allí planteó como señalamiento de

---

[2] Esta orden se dictó mediante una Minuta, el 8 de diciembre de 2010.

error que el Tribunal de Primera Instancia se equivocó al no aplicar correctamente el texto de la Regla 182 de Procedimiento Criminal, *supra*, así como el Art. 42 del Código Penal de 1974, *supra*.

El Tribunal de Apelaciones expidió el auto de *certiorari* y revocó el dictamen recurrido. Resolvió que el foro de primera instancia falló al no interpretar literalmente que, tanto la Regla 182 de Procedimiento Criminal, *supra*, como el Art. 42 del Código Penal de 2004, *supra*, señalan claramente que el tiempo cumplido en detención preventiva ha de abonarse sin mencionar excepción.

Así las cosas, el Ministerio Público, representado por el Procurador General, solicitó reconsideración y le fue denegada. Insatisfecho, acude ante nos mediante petición de *certiorari* y señala que el Tribunal de Apelaciones erró al determinar que una persona que se encuentra cumpliendo una pena de cárcel es acreedora a la protección contra la detención preventiva.

En sus comparecencias, plantea que el propósito de ese tipo de detención es garantizar la comparecencia del imputado. Asimismo, el término máximo de ese periodo existe para garantizar que el Estado no pueda tardar más de seis (6) meses en comenzar un juicio cuando la persona está sumariada en espera del mismo. No obstante, señala que los derechos de la persona imputada que queda detenida preventivamente por no prestar fianza no están en juego cuando se trata de una persona que ha sido convicta y que se encuentra detenida extinguiendo una condena. Por lo tanto, argumenta que la

detención preventiva, como figura jurídica, y sus efectos constitucionales y estatutarios no son de aplicación a esta controversia.

Además, el Procurador General aduce que la Regla 182 de Procedimiento Criminal, *supra*, aplica cuando una persona está detenida preventivamente por los mismos hechos por los que luego es encontrada convicta. Cuando eso sucede, sí cabe hablar de abonar el tiempo bajo detención a esa condena.

Por su parte, el señor Torres Rodríguez argumenta en su comparecencia ante nos que el señalamiento de error traído por el Procurador General no atiende con precisión lo resuelto por el foro apelativo intermedio. Asimismo, señala que no debemos atender cuestiones constitucionales cuando un caso no lo amerita y que, como argumentó ante los foros recurridos, la letra de la Regla 182 de Procedimiento Criminal, *supra*, y el Art. 42 del Código Penal de 1974, *supra*, es clara y libre de ambigüedad, por lo que procede aplicarla sin más. Además, añade que, a tenor con la Regla 179 de Procedimiento Criminal, *supra*, si un tribunal omite hacer una determinación sobre si una pena es concurrente o consecutiva, esta se considerará concurrente. En consecuencia, entiende que las razones por las cuales estuvo detenido en calidad dual de convicto y sumariado deben entenderse concurrentes. Por todo lo anterior, concluye que en este caso el auto de prisión provisional inició una nueva detención que debe asumirse concurrente a la que ya estaba cumpliendo.

Acordamos expedir el auto y, contando con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

La Sec. 11 de nuestra Carta de Derechos dispone que ninguna persona puede ser encarcelada preventivamente antes de juicio en exceso de seis (6) meses. Art. II, Sec. 11, Const. E.L.A., *supra*. Esta limitación sencillamente "tiene el propósito de impedir que se pueda encarcelar a una persona por más de seis meses sin celebrarle juicio". E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, San Juan, 1995, T. II, pág. 333. Por ello, se dice que luego de transcurrido el plazo de seis (6) meses, el acusado queda en libertad, aunque luego se celebre el juicio. *Íd*. pág. 334; Sánchez v. González, 78 D.P.R. 849, 855 (1955).

Así, cuando han transcurrido seis (6) meses sin que se celebre el juicio, el Estado no puede restringir la libertad individual de quienes no presten fianza, de ahí en adelante. *Íd*. pág. 854. A tenor con lo anterior, cuando el acusado no ha sido enjuiciado, este debe ser puesto en libertad sin que se afecte el proceso criminal, que seguirá su curso independientemente de su excarcelación. *Íd*. pág. 855. En fin, dicha cláusula constitucional contra la detención preventiva en exceso de seis (6) meses fue diseñada con el propósito de alentar una actuación diligente y rápida por parte del Ministerio Público en la celebración del juicio. *Véase* Diario

de Sesiones de la Convención Constituyente de Puerto Rico, Ed. Conmemorativa, San Juan, págs. 1593-1597 (2003).

Asimismo, hemos expresado que la detención preventiva se refiere al periodo de tiempo en que un imputado se encuentra sumariado en espera de que se celebre el proceso criminal porque no pudo prestar la fianza que se le impuso. Pueblo v. Figueroa Garriga, 140 D.P.R. 225, 232 (1996). De esa manera, en Pueblo v. Pagán Medina, 178 D.P.R. 228 (2010), sostuvimos que la detención preventiva tiene dos propósitos: asegurar la comparecencia del acusado al proceso criminal cuando no ha prestado fianza y evitar que el acusado sea castigado con cárcel injustamente por un delito por el cual no ha sido juzgado. Íd. pág. 236. Además, hemos expresado que la detención preventiva, en unión a los términos reglamentarios de juicio rápido, promueve el enjuiciamiento pronto, de forma que las dilaciones del proceso no perjudiquen la defensa de un acusado. Pueblo v. Paonesa Arroyo, 173 D.P.R. 203 (2008).

De otra parte, la Regla 179 de Procedimiento Criminal, supra, dispone que:

> Cuando una persona fuere convicta de un delito, el tribunal sentenciador, al dictar sentencia, deberá determinar si el término de prisión impuesto habrá de cumplirse consecutiva o concurrentemente con cualquiera o cualesquiera otros términos de prisión. Si el tribunal omitiere hacer dicha determinación, el término de prisión impuesto se cumplirá concurrentemente con cualesquiera otros que el tribunal impusiere como parte de su sentencia, o con cualesquiera otros que ya hubieren sido impuestos a la persona convicta.
>
> En casos donde exista un concurso ideal, concurso real, o delito continuado, se sentenciará conforme lo disponen las Secs. 4706 a 4708 del Título 33, parte del Código Penal del Estado Libre Asociado de Puerto Rico. Íd.

Así las cosas, cuando no hay una sentencia de reclusión anterior, al momento de dictarse una sentencia de reclusión, el tribunal no tiene nada que disponer sobre si la nueva sentencia es consecutiva o concurrente. *Véase* <u>Pueblo v. Casanova Cruz</u>, 117 D.P.R. 784 (1986). Dicho de otra forma, esta Regla solo es de aplicación cuando, al momento de dictarse una segunda sentencia de reclusión, existe una anterior que no se ha extinguido. *Íd.* Por ello, cuando una persona comete delitos estando en libertad bajo palabra, cuando todavía no se ha extinguido una condena anterior, se impone una pena consecutiva. <u>Pueblo v. Valentín Rivera</u>, 119 D.P.R. 281 (1987); Regla 180 de Procedimiento Criminal, *supra.*

A su vez, la Regla 180 de Procedimiento Criminal, *íd.*, preceptúa que:

> No podrán cumplirse concurrentemente los términos de prisión que deban imponerse en los siguientes casos:
>
> > (a) Cuando el reo fuere sentenciado por delito cometido mientras estuviere bajo apelación de otra causa o causas o mientras estuviere en libertad por haberse anulado los efectos de una sentencia condenatoria.
> >
> > (b) Cuando el reo estuviere recluido o tuviere que ser recluido por sentencia a prisión en defecto de pago de cualquier multa impuéstale.
> >
> > (c) Cuando el reo cometiere el delito mientras estuviere recluido en una institución penal o cumpliendo cualquier sentencia.
> >
> > (d) Cuando el reo cometiere delito mientras estuviere en libertad bajo palabra o bajo indulto condicional o

bajo cualquier medida de liberación condicional en la cual se le considerare cumpliendo la sentencia impuesta por el tribunal.

(e) Cuando el reo fuere sentenciado por delito cometido mientras estuviere en libertad bajo fianza, acusado por la comisión de delito grave.

(f) Cuando el reo fuere sentenciado por delito grave o menos grave, según se tipifican en la [33 L.P.R.A. sec. 4248 sobre incitación de un menor a cometer delitos]. *Íd.*

Una vez más, cabe recalcar que esta Regla 180 es de aplicación exclusivamente cuando existe una convicción previa al momento en que recae la sentencia. Pueblo v. García, 165 D.P.R. 339, 344 (2005); Pueblo v. Casanova Cruz, *supra*.

El Profesor Chiesa Aponte añade que:

Las sentencias se cumplen en forma concurrente cuando se cumplen simultáneamente; esto es, cuando el convicto las extingue al mismo tiempo. Las sentencias se cumplen en forma consecutiva cuando una sentencia no empieza a cumplirse hasta cumplida la otra; esto es, el convicto solo empieza a cumplir una sentencia tras extinguir la anterior. Por supuesto, el acusado-convicto que es sentenciado por dos o más delitos quisiera cumplir las sentencias concurrentemente. La determinación judicial de sentencias consecutivas o concurrentes no solo se produce en caso de acumulación de delitos contra un acusado; también se produce cuando el convicto **está extinguiendo o va a cumplir una sentencia anterior.** E. L. Chiesa Aponte, *op cit.* T. III, pág. 413. (Énfasis suplido).

Sobre el abono de un plazo de reclusión al cálculo de una sentencia, la Regla 182, *supra*, dispone, como mencionáramos, que el tiempo que un convicto hubiere permanecido privado de su libertad se descontará del término que deba cumplir al ser sentenciado **por los mismos hechos por los cuales hubiere sufrido la privación de libertad.** *Íd.* A

esos mismos fines, el Art. 42 del Código Penal de 1974, *supra*, esencialmente idéntico al Art. 75 del Código Penal de 2004, *supra*, dispone que se abonará el tiempo de reclusión cumplido desde la detención hasta la sentencia.

Examinemos, pues, la aplicación de los fundamentos antes expuestos al caso de autos.

### III.

En esencia, el señor Torres Rodríguez insiste en que el periodo de tiempo en que se encontraba encarcelado mientras extinguía la condena por una convicción dictada en 1992, y, que coincide con el plazo posterior a la radicación de nuevas denuncias en su contra por hechos ocurridos antes de la convicción de 1992, debe abonarse a su nueva condena, dictada luego de que se extinguiera la primera.

Repasemos los hechos cronológicamente. En 1991 el señor Torres Rodríguez cometió un asesinato en primer grado. Luego, en 1992 fue convicto por otros delitos y se le impuso una sentencia de veinticuatro (24) años de prisión. Mientras se encontraba extinguiendo la condena de 1992, el 13 de septiembre de 2002, se le presentó la denuncia por el asesinato cometido en 1991. Aunque en esa fecha se emitió un auto de prisión y se le impuso una fianza, la realidad es que, irrespectivamente, el señor Torres Rodríguez debía permanecer encarcelado en virtud de la sentencia de 1992 que no había extinguido. Esa condena de 1992 se extinguió el 16 de junio de 2004, y, el 18 de junio de 2004, el Tribunal de Primera Instancia dictó su excarcelación por entender que había estado sumariado por más de seis meses mientras

extinguía la condena de 1992. No obstante lo resuelto el 18 de junio de 2004, el recurrido continuó encarcelado.

El 5 de noviembre de 2004, el señor Torres Rodríguez fue sentenciado por el asesinato de 1991. En ese momento, se le acreditó como detención preventiva el periodo que estuvo sumariado luego de extinguir la condena de 1992 y antes de que se dictara la sentencia por asesinato. En el caso de autos, el señor Torres Rodríguez solicita que se le añada a ese abono el periodo entre el 13 de septiembre de 2002 y el 16 de junio de 2004, de manera que se le reconozca un estatus dual de convicto y sumariado. Su principal argumento es que la Regla 182 de Procedimiento Criminal, *supra*, ordena que la detención preventiva se acredite a la sentencia posterior. Discrepamos.

Como vimos, la detención preventiva es el resultado de que una persona no pueda prestar la fianza que se le imponga. Ello, a pesar de que en este caso se le impuso una fianza, necesariamente presupone que la persona estaba en libertad al momento de su detención. Así, la detención preventiva tiene como propósito asegurar el manejo diligente del caso por parte del Estado y garantizar la comparecencia del acusado a través del procedimiento en su contra, de manera que se pueda garantizar la imposición de la condena que pueda recaer en su contra como resultado del proceso. Como un convicto que se encuentra extinguiendo una condena no tiene derecho a salir bajo fianza, no cabe hablar de que su detención es preventiva. La detención preventiva tiene como causa única

que no se haya prestado la fianza, teniéndose derecho a estar libre bajo ella.

Cabe recalcar que la Regla 182, *supra*, permite que se abone el tiempo en que la persona estuvo detenida en espera de ser sentenciada **por los mismos hechos por los cuales hubiere sufrido la privación de libertad**. Reiteramos que ese no es el caso del recurrido. A su vez, el Art. 42 del Código Penal de 1974, *supra*, debe interpretarse de igual forma pues atiende el periodo a abonarse "desde su detención".

De otra parte, el señor Rodríguez Torres argumenta que tanto la Regla 179 de Procedimiento Criminal, *supra*, así como la Regla 180 de Procedimiento Criminal, *supra*, requieren que un tribunal sentenciador aclare expresamente el cumplimiento consecutivo de una sentencia al emitirla. De lo contrario, se entenderá que ambas sentencias son concurrentes. Por lo tanto, plantea que, al no haberse dictado como consecutiva, la nueva sentencia se tiene que considerar concurrente a la sentencia de 1992.

El problema con ese argumento es que pierde de vista que, al momento de dictarse la segunda sentencia, el 5 de noviembre de 2004, el señor Torres Rodríguez ya había extinguido la sentencia de 1992. Esto es, al momento de dictar la sentencia que vendría afectada por los requisitos de las mencionadas reglas, el recurrido no estaba extinguiendo una condena, ni iba a cumplir una sentencia anterior. En consecuencia, el tribunal sentenciador no tenía nada que aclarar.

No estamos ante un escenario fáctico que nos restrinja a aplicar liberalmente las disposiciones estatutarias a favor del acusado. Tampoco nos encontramos ante unos hechos que requieren una aplicación literal de la Reglas 179, 180 y 182 de Procedimiento Criminal, *supra*, a favor de un convicto, de forma que se le reconozca un derecho al abono de una detención preventiva o a que dos sentencias que no coinciden temporalmente se consideren concurrentes.

IV.

Por todo lo anterior, resolvemos que erró el foro apelativo intermedio al conceder el abono solicitado por el recurrido. Al señor Torres Rodríguez no le benefician las disposiciones de ley que ha expuesto en apoyo de su solicitud, pues estas se refieren a situaciones distintas a la suya. En consecuencia, se revoca la sentencia del Tribunal de Apelaciones y se reinstala el dictamen del Tribunal de Primera Instancia emitido el 8 de diciembre de 2010.

Se dictará sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                 CC-2011-601      *Certiorari*

Francisco Torres Rodríguez

    Recurrido

SENTENCIA

En San Juan, Puerto Rico a 12 de julio de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia del Tribunal de Apelaciones y se reinstala el dictamen del Tribunal de Primera Instancia emitido el 8 de diciembre de 2010.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo