EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>David Vélez Torres<br><br>Peticionario | Certiorari<br><br>2023 TSPR 66<br><br>212 DPR ___ |

Número del Caso: CC-2022-0210


Fecha: 8 de mayo de 2023


Tribunal de Apelaciones:

    Panel VIII


Abogado de la parte peticionaria:

    Lcdo. Jesús Miranda Díaz


Oficina del Procurador General:

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcdo. Emmanuel Torres Rosario
    Procurador General Auxiliar


Materia: Derecho Penal – Facultad de un tribunal sentenciador para decretar la consecutividad de una pena estatal con un término de reclusión federal que aún no ha sido dictado.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico | | |
| Recurrido | | |
| v. | CC-2022-210 | |
| David Vélez Torres | | |
| Peticionario | | |

La Jueza Asociada señora Pabón Charneco emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 8 de mayo de 2023.

En esta ocasión nos corresponde expresarnos sobre la facultad de un tribunal sentenciador de disponer el carácter concurrente o consecutivo de la pena que impone. En particular, estamos llamados a determinar si esta discreción se extiende a decretar la consecutividad de una pena estatal con un término de reclusión federal que aun no ha sido dictado. Por las razones que se exponen a continuación, contestamos esta interrogante en la negativa y reiteramos lo resuelto en *Pueblo v. Casanova Cruz,* infra, sobre que el foro que tenga a su haber imponer la segunda sentencia es quien tiene el poder discrecional para imponer la concurrencia o consecutividad de las sentencias que recaen sobre un individuo. Veamos.

I.

En el año 2013 se acusó al Sr. David Vélez Torres (señor Vélez Torres o peticionario) por infracciones al Art. 401 de la Ley Núm. 4 del 23 de junio de 1971, según enmendada. 24 LPRA sec. 2401. Subsiguientemente, se declaró culpable por la tentativa de estas infracciones mediante alegación preacordada. Así las cosas, el 24 de enero de 2014 el Tribunal de Primera Instancia, Sala Superior de Bayamón, dictó Sentencia en la cual impuso una pena de tres (3) años de cárcel mediante el privilegio de sentencia suspendida.

Posteriormente, el 2 de septiembre de 2014 el Ministerio Público presentó una Moción Solicitando Revocación de Libertad a Prueba y alegó que el peticionario incumplió con las condiciones de esta, ya que había cometido un delito federal. Ese día, el foro primario ordenó el arresto del peticionario, pero esto no se llevó a cabo ya que el señor Vélez Torres se encontraba bajo custodia federal. Luego, el 28 de febrero de 2018 el foro primario emitió una Resolución mediante la cual revocó la libertad a prueba del peticionario, abonó un (1) año y seis (6) meses que el peticionario había cumplido de su Sentencia de tres (3) años y ordenó que el resto de la pena se cumpliera **consecutivamente con cualquier otra que el peticionario estuviera cumpliendo y cualquier otra que en su día recayera por proceso pendiente de adjudicación.**[1] El 31 de mayo de 2019, el Tribunal Federal para el Distrito de Puerto Rico

---

[1] Apéndice del Tribunal de Apelaciones, Anejo VIII, pág. 18.

dictó Sentencia mediante la cual le impuso al peticionario la pena de noventa y cuatro (94) meses. Además, el foro federal indicó que esta Sentencia sería concurrente con la impuesta en el procedimiento local.[2]

Así las cosas, mientras el peticionario se encontraba confinado en la Institución Penal FCI Butner en Carolina del Norte, el Departamento de Corrección y Rehabilitación de Puerto Rico (DCR) cursó una Certificación de Libertad, con fecha de 26 de diciembre de 2020, mediante la cual le informó a la mencionada institución penal que el peticionario había extinguido su sentencia estatal de tres (3) años en el caso de autos.[3] Sin embargo, el 30 de diciembre de 2020 el DCR envió otra comunicación a la institución penal en la que se indicó que la certificación de libertad era errónea. A esto acompañó una Hoja de Control de Liquidación de Sentencia que disponía que el peticionario comenzaría a cumplir su Sentencia estatal el 19 de marzo de 2023 y esta culminaría el 10 de febrero de 2024, de forma consecutiva con la sentencia federal.[4] Es decir, imponiendo la consecutividad de la Sentencia estatal con la federal según dispuesta por el foro primario mediante Resolución.

En desacuerdo, el 4 de octubre de 2021, el señor Vélez Torres instó ante el foro primario una Moción Solicitando Enmienda a la Sentencia al Amparo de la Regla 185 de

---

[2] "… [T]he sentence shall run concurrently with the sentence imposed in Cr. Nos. DSC/2013/G0794-0796, which was eighteen months of imprisonment". Íd., Anejo VII, pág. 12.
[3] Íd., Anejo VI, pág. 11.
[4] Íd., Anejo IV, págs. 9-10.

Procedimiento Criminal. En esencia, argumentó que, según lo resuelto por este Tribunal en *Pueblo v. Casanova Cruz,* 117 DPR 784 (1986), para que se pueda imponer una sentencia de carácter consecutivo, debe existir otra dictada previamente con la cual esta pueda ser consecutiva. Esa condición no se cumplió en el caso de autos, debido a que al momento que el foro primario modificó la forma en que se cumpliría la pena estatal, el peticionario no tenía otra sentencia impuesta. El Tribunal de Primera Instancia concedió un término para que el Ministerio Público se expresara en cuanto a la petición del señor Vélez Torres, pero este no compareció. Sometido el asunto, el foro primario proveyó No Ha Lugar a la solicitud del peticionario.

Inconforme, el señor Vélez Torres presentó un recurso de *Certiorari* ante el Tribunal de Apelaciones el 18 de enero de 2022. El foro apelativo intermedio denegó expedir el recurso presentado por entender que el Tribunal de Primera Instancia no actuó con pasión, prejuicio o parcialidad ni incurrió en craso abuso de discreción o en un error manifiesto de derecho. Aun inconforme, el peticionario presentó el recurso de autos ante nos con los señalamientos de error siguientes:

> Erró el Tribunal de Apelaciones al denegar el Recurso de *Certiorari* presentado ante sí para revisar la Resolución del Tribunal de Primera Instancia de no corregir la Resolución revocatoria emitida en el caso de epígrafe en cuanto a la imposición que ordena que la misma sea cumplida de manera consecutiva con cualquier otra sentencia ya que al momento de dictarse la misma no existía ninguna otra sentencia.

Erró el Tribunal de Apelaciones al denegar el recurso de certiorari haciendo abstracción de la solicitud del peticionario de que se aplicara el caso de *Pueblo v. Casanova Cruz*, 117 DPR 784 (1986) que estableció que corresponde al segundo tribunal sentenciador establecer la concurrencia o consecutividad.

Expedido el recurso, las partes presentaron los alegatos correspondientes. Por su parte, el peticionario esencialmente reiteró los argumentos expuestos ante los foros inferiores. Por otro lado, compareció el Ministerio Público por conducto de la Oficina del Procurador General de Puerto Rico (Estado o recurrido). El recurrido argumentó que el caso de autos es distinguible al de *Pueblo v. Casanova Cruz,* supra, principalmente porque en el presente litigio el foro primario meramente dictó una Resolución mediante la cual revocó la Sentencia Suspendida del peticionario, sin dictar una nueva Sentencia.

Además, arguyó que por la razón antes expuesta el mecanismo de la Regla 185 de Procedimiento Criminal, *infra,* era inaplicable al caso de autos, ya que no existía una sentencia ilegal que ameritara corrección. Consecuentemente, afirmó que, si al peticionario le interesaba atacar la actuación judicial en controversia, debió solicitar oportunamente la revisión de tal dictamen, lo cual no hizo. Asimismo, argumentó que la actuación del Tribunal de Primera Instancia de revocar la libertad a prueba del peticionario es un proceder que se encuentra refrendado por la autoridad que ostenta nuestra jurisdicción para aplicar sus leyes penales. Finalmente, esbozó que el Ministerio Público hizo

todo lo que tenía a su alcance para retener al peticionario en nuestra jurisdicción, de manera que se ordenara su pronto encarcelamiento a nivel estatal, pero esto se vio entorpecido cuando el foro federal ordenó la reclusión del peticionario.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

II.

A.

La Ley Núm. 259 de 3 de abril de 1946, *Ley de Sentencia Suspendida y Libertad a Prueba,* según enmendada, 34 LPRA sec. 1026 *et seq.,* estableció un sistema mediante el cual se le confiere a un convicto la oportunidad de cumplir su sentencia o parte de esta fuera de las instituciones penales, siempre y cuando este observe buena conducta y cumpla con las restricciones que el tribunal le imponga. *Pueblo v. Hernández Villanueva,* 179 DPR 872, 881 (2010)*; Pueblo v. Zayas Rodríguez,* 147 DPR 530, 535-536 (1999). Véase, además: *Pueblo v. Molina Virola,* 141 DPR 713 (1996). Es menester destacar que el disfrute de una sentencia suspendida es un privilegio y su concesión descansa en la sana discreción del tribunal sentenciador. *Pueblo v. Zayas Rodríguez,* supra, pág. 536; *Pueblo v. Ortega Santiago,* 125 DPR 203, 210 (1990).

Por otro lado, el Art. 4 de la Ley Núm. 259 de 3 de abril de 1946, 34 LPRA sec. 1029, establece que el tribunal sentenciador podrá, en cualquier momento en el que a su juicio la libertad a prueba de una persona fuera incompatible

con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, revocar el beneficio concedido y ordenar la reclusión de la persona por el período señalado en la sentencia cuya ejecución suspendió.

B.

En lo pertinente a la controversia ante nos, la Regla 185 de Procedimiento Criminal, *supra,* dispone lo siguiente:

> **(a) Sentencia ilegal; redacción de la sentencia.** — El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.*
> **(b) Errores de forma.** — Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.
> **(c) Modificación de sentencia.** — El Tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

El proceso provisto por la disposición antes citada es el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, tiene errores de forma, impuso un castigo distinto al previamente establecido, o existen razones justicieras que ameritan que

se reduzca la pena impuesta. *Pueblo v. Silva Colón,* 184 DPR 759, 774 (2012).

Previamente hemos señalado que una sentencia ilegal es aquella que un tribunal dicta sin jurisdicción o autoridad, en contravención al derecho vigente. Íd. Véase, además: E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos,* Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Consecuentemente, una sentencia dictada de esta manera es nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales. Íd. Por esta razón, la regla permite que el tribunal corrija en cualquier momento una sentencia que adolezca de ilegalidad. Íd.

C.

La Regla 179 de Procedimiento Criminal, 34 LPRA Ap. II, R. 179, dispone que:

> Cuando una persona fuere convicta de un delito, el tribunal sentenciador, al dictar sentencia, **deberá determinar si el término de prisión impuesto habrá de cumplirse consecutiva o concurrentemente con cualquiera o cualesquiera otros términos de prisión.** Si el tribunal omitiere hacer dicha determinación, el término de prisión impuesto se cumplirá concurrentemente con cualesquiera otros que el tribunal impusiere como parte de su sentencia, **o con cualesquiera otros que ya hubieren sido impuestos a la persona convicta.** […] (negrillas suplidas).

Por su parte, la Regla 180 de Procedimiento Criminal, 34 LPRA Ap. II, R. 180, establece que no se podrán cumplir concurrentemente los términos de prisión siguientes:

> (a) Cuando el reo fuere sentenciado por delito cometido mientras estuviere bajo apelación de otra causa o causas o mientras estuviere en libertad por haberse anulado los efectos de una sentencia condenatoria.

(b) Cuando el reo estuviere recluido o tuviere que ser recluido por sentencia a prisión en defecto de pago de cualquier multa impuéstale.
(c) Cuando el reo cometiere el delito mientras estuviere recluido en una institución penal o cumpliendo cualquier sentencia.
(d) **Cuando el reo cometiere delito mientras estuviere en libertad bajo palabra o bajo indulto condicional o bajo cualquier medida de liberación condicional en la cual se le considerare cumpliendo la sentencia impuesta por el tribunal.**
(e) **Cuando el reo fuere sentenciado por delito cometido mientras estuviere en libertad bajo fianza, acusado por la comisión de delito grave.**
[…] (negrillas suplidas).

Este Tribunal tuvo ante sí una controversia similar a la de autos en *Pueblo v. Casanova Cruz,* supra. En síntesis, los hechos que dieron lugar a esa controversia giraban en torno a un confinado que fue declarado culpable en el entonces Tribunal Superior de Puerto Rico por el delito de apropiación ilegal agravada. Sucesivamente fue sentenciado y condenado a seis (6) años de reclusión bajo los beneficios del programa de sentencias suspendidas. Tales beneficios luego fueron revocados al encontrársele culpable en el Tribunal de Distrito Federal para el Distrito de Puerto Rico de haber cometido el delito de conspiración mientras se encontraba en libertad bajo fianza esperando la conclusión del proceso penal local. La sentencia federal no dispuso nada en cuanto a la manera en la que sería cumplida.

Posteriormente, la Administración de Corrección solicitó el traslado del confinado a una institución penal federal para que cumpliera ambas sentencias. El foro primario concedió la petición bajo la condición de que las sentencias se cumplieran de forma consecutiva. Tras varias

incidencias procesales, el señor Casanova Cruz planteó ante este Tribunal que el foro primario carecía de jurisdicción para imponerle la referida condición al traslado a la prisión federal. Evaluado el recurso, en primer lugar, dispusimos:

> […] antes del 6 de octubre de 1982, **no existía sentencia de reclusión contra Casanova Cruz. No había pues, motivo alguno para que en ese momento el Tribunal Superior dispusiera si su sentencia debía cumplirse consecutiva o concurrentemente.** Reglas 179 y 180. En estas circunstancias no aflora fundamento válido para justificar la posterior enmienda que impuso la condición de consecutividad con la dictada por el foro federal. La sentencia local no es contraria a derecho. **La ilegalidad en el trámite más bien se proyecta posteriormente sobre la última orden y enmienda.** *Pueblo v. Casanova Cruz*, supra, pág. 786. (negrillas suplidas).

Además, en cuanto a la contención del Ministerio Público de que la actuación del foro primario era una interpretación conforme a derecho de la Regla 180 de Procedimiento Criminal, *supra,* particularizamos que, bajo el enfoque correcto, solamente la segunda sentencia puede ser consecutiva a la primera. Íd., pág. 787. Asimismo, añadimos lo siguiente:

> Ciertamente, de haberse cometido y encausado en nuestra jurisdicción el delito de conspiración por el que recayó la segunda sentencia, su cumplimiento hubiese tenido que ser consecutivo al de cualquiera otra sentencia por delito grave que existiera contra el convicto Casanova Cruz por haberlo cometido mientras se encontraba bajo fianza. Así lo ordena la Regla 180(e). Sin embargo, esa no es la situación en autos. **La segunda sentencia --única que puede ser consecutiva o concurrente con la primera-- fue dictada por la Corte Federal. No tenemos autoridad para exigir a ésta que otorgue a su sentencia efectos consecutivos a la nuestra en lugar de concurrentes.**
> Contrario a lo que afirma el Procurador General, el Tribunal Superior no tiene autoridad para aclarar e intervenir en este aspecto.

**Corresponde a la Corte Federal la determinación en cuanto a cómo deberá cumplirse la sentencia por el segundo delito.**

Cuando se impone una sentencia de reclusión a un acusado que ya está sujeto a otra sentencia --impuesta en el estado o por un tribunal federal-- **toca al juez sentenciador determinar discrecionalmente si la sentencia actual será cumplida concurrente o consecutivamente con la sentencia previa**, y si el juez sentenciador deja de manifestar cómo se cumplirá la sentencia, sí se entiende que ésta será cumplida concurrentemente. (citas depuradas). (negrillas suplidas).

En síntesis, resolvimos que solamente una segunda sentencia puede ser consecutiva con la primera, si el foro sentenciador que impone la segunda así lo declara. De lo contrario, se presumirá que las sentencias correrán concurrentemente entre sí. Íd.

Un año más tarde, en *Pueblo v. Valentín Rivera,* 119 DPR 281 (1987), distinguimos los hechos allí acontecidos con los de *Pueblo v. Casanova Cruz,* supra. La distinción mayor entre ambos casos es que en *Pueblo v. Casanova,* solamente había recaído una sentencia dictada en nuestra jurisdicción, pues la segunda había sido posteriormente emitida por el foro federal. *Pueblo v. Valentín Rivera,* supra, págs. 284-285. En cambio, en *Pueblo v. Valentín,* se trataba de varios delitos cometidos en la esfera estatal, uno de los cuales se cometió mientras el acusado estaba en libertad bajo palabra y otro cuando se encontraba en libertad bajo fianza, para los que se dictó sentencia simultáneamente. Por lo tanto, a diferencia de lo ocurrido en *Pueblo v. Casanova,* resolvimos que la Regla 180(d) y (e) de Procedimiento Criminal expresamente prohíbe que las sentencias dictadas por los

delitos cometidos en las circunstancias enumeradas se cumplan concurrentemente, habiendo o no recaído sentencia previa. Además, y con particular relevancia al caso de autos, *Pueblo v. Valentín* trataba de sentencias impuestas por el mismo Tribunal, no así un foro estatal intentando obligar a uno de otra jurisdicción.

D.

En *Ponzi v. Fessendem,* 258 US 254, 259 (1922), la Corte Suprema de los Estados Unidos describió el sistema legal norteamericano como uno cuya jurisdicción está compuesta por dos (2) soberanías, la estatal y la federal, cada una con un sistema de tribunales facultado para hacer cumplir las leyes de su territorio. Por lo tanto, para que estas dos (2) esferas funcionen efectivamente cuando intenten ejercer su jurisdicción sobre un mismo individuo, deben existir reglas definitivas fijando el poder de las cortes, sino también un espíritu de cortesía interjurisdiccional o *reciprocal comity* para promover un procedimiento ordenado.

Dicho lo anterior, la Corte Suprema federal estableció que, para evitar conflictos de jurisdicción estatal o federal, quien primero asuma control del objeto del litigio, ya sea una persona o una propiedad, deberá ser permitido agotar sus remedios antes que el otro foro intente llevar a cabo su procedimiento. Íd., pág. 260. Esto ha sido consistentemente interpretado por los tribunales de distrito federal de los Estados Unidos como que la jurisdicción que primero arreste a un acusado tiene jurisdicción primaria

sobre este. Véanse, además: *Thomas v. Brewer,* 923 F2d 1361, 1365 (9no Cir. 1991); *Shumate v. United States,* 893 F Supp 137, 139 (N.D. N.Y. 1968).

En *Zerbst v. McPike,* 97 F2d 253, 254 (5to Cir. 1938), el Tribunal Federal de Apelaciones para el Quinto Circuito resolvió que la jurisdicción que primero arrestó a un acusado no era privada de su custodia hasta que culminara el término de reclusión. Sin embargo, esta podía ceder su control sobre la persona para que fuera procesada por el gobierno federal sin que su acción se entendiera como una renuncia de la jurisdicción previamente adquirida. Cuando esta cesión temporera culmine acorde con el principio de *comity*, el foro que primero arrestó al acusado puede continuar su procedimiento hasta que agote su remedio. A falta de un acuerdo entre dos jurisdicciones sobre cómo procesar a una persona que ha delinquido en ambas, el mecanismo que se utiliza regularmente para gestionar el traslado de un individuo a estos fines es el auto de *habeas corpus.* Íd.; *US v. Evans,* 159 F.3d 908, 911 (4to Cir. 1998).

Según explica la profesora Dora Nevárez Muñiz, el *habeas corpus* puede presentarse en el Tribunal de Distrito Federal para excarcelar prisioneros estatales, sujeto a que se hayan agotado los remedios estatales o no existan remedios adecuados para proteger los derechos bajo la Constitución o leyes federales. D. Nevárez Muñiz, *Sumario de Derecho Procesal Penal,* San Juan, Instituto para el Desarrollo del Derecho, Inc., ed. 2014, pág. 23.

III.

Discutiremos los señalamientos de error en conjunto por estos estar íntimamente relacionados entre sí. En síntesis, el peticionario sostiene que no se le podía imponer la consecutividad de la pena estatal porque cuando el foro primario realizó esa determinación, no recaía ninguna otra pena en su contra. Le asiste la razón, veamos.

Como mencionamos en el derecho aplicable que antecede, nuestros pronunciamientos en *Pueblo v. Casanova Cruz,* supra, establecieron que para que un término de reclusión sea dictado para ser cumplido consecutivamente con otro, debe existir al menos otra sentencia con la que pueda ser consecutiva. Posteriormente, en *Pueblo v. Valentín Rivera*, *supra,* aclaramos el alcance de lo dispuesto por la Regla 180 de Procedimiento Criminal, *supra,* en cuanto a requerir que un término de reclusión sea cumplido consecutivamente en unas circunstancias particulares, aun si al momento de dictarse sentencia no existe alguna previa. No obstante, debemos puntualizar que esta imposición reglamentaria únicamente opera cuando los distintos procesos penales en contra de una persona se están llevando a cabo ante nuestros tribunales. Ello se debe a que no podemos pretender que nuestras reglas vinculen a otras jurisdicciones y menos aún, imponerle determinada forma de cumplir sentencias que no han sido dictadas.

Eso fue lo que sucedió en el caso de autos. El foro primario, al no ostentar la custodia del peticionario por

este encontrarse recluido en el estado de Carolina del Norte tras su acusación en la esfera federal, revocó la sentencia suspendida del señor Vélez Torres y le impuso consecutividad a su sentencia con cualquier otra que recayera en algún procedimiento pendiente. El Estado alega que esto fue un ejercicio válido ya que Puerto Rico posee la autoridad para hacer valer sus leyes penales. A tales fines, añadió que fue nuestra jurisdicción la que en primer lugar intervino con el peticionario y que nunca renunció su custodia ante el gobierno federal. No es así.

La jurisprudencia dispone que la jurisdicción que primero ejerce su autoridad sobre determinada persona no la renuncia hasta que interponga el remedio que culmine el procedimiento iniciado. En este caso, esto vendría siendo cuando se cumpla satisfactoriamente la pena impuesta. Sin embargo, la jurisdicción primaria no puede tener el efecto de unilateralmente imponerle condiciones al ejercicio futuro de otra soberanía de sus propios poderes. Ahora bien, esto no quiere decir que el foro estatal estaba desprovisto de remedio para hacer valer la pena local, ya que el peticionario se encontraba bajo la custodia física de las autoridades federales porque se le acusó de delinquir en esa jurisdicción.

Como discutimos, la Corte Suprema de los Estados Unidos y distintos Tribunales de Distrito Federal se han expresado a favor de la cortesía interjurisdiccional o *comity* para que se promueva una sana interacción entre las distintas

jurisdicciones que componen el sistema legal de los Estados Unidos. Esta figura, aunque no es de carácter obligatorio, alienta a las distintas jurisdicciones a que cooperen entre sí y se concedan deferencia en aras de mantener una sana administración de la justicia.

Consecuentemente, si el Estado interesaba que el peticionario cumpliera la pena estatal en una institución penal local, tenía a su disposición el auto de *habeas corpus* para solicitar a las autoridades federales que, tan pronto culminara el proceso acusatorio federal, facilitara el traslado del señor Vélez Torres a las autoridades estatales. De esa manera, podía encarcelarlo y hacer cumplir la pena estatal como consecuencia de la revocación de la libertad a prueba. Cumplido el término de reclusión local, las autoridades locales podían gestionar su regreso a las autoridades federales, o llegar a un común acuerdo sobre dónde, por motivos de seguridad, el peticionario cumpliría el resto de su término de reclusión federal. Sin embargo, ya que las sentencias se cumplirían concurrentemente, el foro federal procedería a restarle a su término de reclusión lo cumplido en la jurisdicción estatal.

Sin embargo, este no fue el caso. El foro primario revocó la sentencia suspendida casi cuatro (4) años luego de que el Ministerio Público lo solicitara. No surge del expediente ante nuestra consideración alguna gestión o comunicación habida con las autoridades federales a los fines de trasladar al peticionario a nuestra jurisdicción

durante ese período. Además, junto a la revocación de la sentencia suspendida, el Tribunal de Primera Instancia dispuso que la sentencia se cumpliría consecutivamente con cualquier proceso pendiente de adjudicación. Como expresamos, aunque los tribunales tienen discreción para determinar la concurrencia o consecutividad de penas impuestas, esta determinación es contingente a que haya una determinación previa con la que la segunda pueda ser consecutiva o concurrente. Nuestro derecho vigente es claro en cuanto a que un tribunal está impedido de determinar, *a priori,* que la sentencia que impone debe cumplirse consecutivamente con alguna otra que sea dictada en el futuro contra un acusado en particular. Reiteramos que le corresponde al segundo foro tomar esa decisión.

No perdamos de perspectiva que del texto de la Regla 179 de Procedimiento Criminal, *supra,* surge la autoridad del tribunal sentenciador de emitir sentencias concurrentes o consecutivas. Específicamente, la última oración de este artículo dispone que cuando la sentencia del tribunal mantiene silencio en cuanto a esto, se entenderá que la pena se cumplirá concurrentemente "con cualesquiera otros que el tribunal impusiere como parte de su sentencia, **o con cualesquiera otros que ya hubieren sido impuestos a la persona convicta**". (negrillas suplidas). Es decir, la disposición estatutaria sujeta esa discreción a la existencia de una sentencia previa.

Por otro lado, la Regla 180 de Procedimiento Criminal, *supra,* provee unos supuestos en los que los tribunales deberán imponer consecutividad de sentencias cuando no necesariamente obre alguna previa. Nótese que estos son los únicos supuestos en los que nuestro ordenamiento jurídico permite la consecutividad de penas cuando no necesariamente haya una sentencia previa. **Sin embargo, ninguna de estas condiciones se cumple en el caso de autos debido a que la segunda acusación del peticionario fue en la jurisdicción federal y la referida regla gobierna solo los distintos procedimientos penales estatales a los que pueda estar sujeta una persona.**

De otra parte, el recurrido arguye que el señor Vélez Torres pretende "cumplir dos penas por el precio de una" y así evadir el cumplimiento del restante de su pena estatal.[5] Este planteamiento tampoco es acertado. En el caso de autos, el Tribunal Federal de Distrito para el Distrito de Puerto Rico dictó que su sentencia sería concurrente con la impuesta por nuestro foro primario. El efecto práctico de esto es una reducción en la totalidad de lo que el peticionario pudo haber tenido que cumplir en presidio federal. **El hecho de que el peticionario no esté cumpliendo sus condenas en una institución penal local no implica que esté burlando la sentencia del foro primario.** En todo caso, estamos ante una situación en la cual el foro federal, lejos de menoscabar la facultad sentenciadora de nuestros tribunales, permitió que

---

[5] Alegato del Pueblo, pág. 1.

ambas sentencias transcurrieran **simultáneamente.** En contraposición, si el foro federal hubiese decretado la consecutividad de las sentencias, el término de reclusión federal comenzaría luego de culminado el (1) año y seis (6) meses restantes de la pena local. En ambos supuestos, se estaría cumpliendo la condena local, solo que en una institución carcelaria de la jurisdicción federal.

Por último, atendemos el planteamiento del recurrido de que el peticionario no tenía disponible el mecanismo de corrección de sentencias ilegales provisto por la Regla 185 de Procedimiento Criminal, *supra.* Según sostiene el Estado, la Sentencia estatal fue dictada conforme a derecho. Por lo tanto, afirma que el recurrido debió recurrir de la Resolución que revocó la sentencia suspendida dentro del término de treinta (30) días desde su notificación. Añadió que, al no hacerlo dentro del término, la determinación del foro de instancia advino final y firme, por lo que estamos impedidos de revisarla. No coincidimos.

La referida Resolución se emitió el 28 de febrero de 2018 en el caso de autos. Posteriormente, el foro federal sentenció al peticionario el 31 de mayo de 2019. El DCR remitió una notificación el 30 de diciembre de 2020 mediante la cual expuso las fechas cuando el peticionario comenzaría a cumplir y extinguiría su condena estatal, consecutivamente con la pena federal. Luego de esto, el 4 de octubre 2021 el señor Vélez Torres presentó la Moción al amparo de la Regla 185 de Procedimiento Criminal, *supra.*

En efecto, como señala el Estado, no nos encontramos ante una sentencia ilegal. Lo que adolece de ilegalidad es la consecutividad de sentencias impuesta en la Resolución de 28 de febrero de 2018. Sin embargo, previamente hemos permitido la revisión de una Resolución similar por conducto de una petición al amparo de la Regla 185 de Procedimiento Criminal, *supra*.[6]

Por otro lado, es innegable que el caso de autos surge dentro del marco de circunstancias extraordinarias. Entre estas destacamos la demora de cerca de cuatro (4) años desde que se solicitó la revocación de la sentencia suspendida hasta que se realizó y las expresiones contradictorias del foro estatal, el DCR, y el foro federal sobre la consecutividad o concurrencia de las sentencias del peticionario. A lo anterior, se suma el hecho de que el peticionario lleva cerca de una década confinado en un centro penitenciario federal mientras todo esto ha ocurrido. En vista de ello, consideramos apropiada y necesaria nuestra intervención para la resolución de esta controversia.

Por las razones antes expuestas, resolvemos que el Tribunal de Primera Instancia erró al decretar la consecutividad de su sentencia con cualquiera que fuera dictada en algún procedimiento pendiente. Por lo tanto, el peticionario ya extinguió su condena estatal y lo que le resta por cumplir es el remanente de la pena impuesta por el foro federal.

---

[6] *Pueblo v. Casanova Cruz,* supra.

IV.

Por los fundamentos antes expuestos, se revoca al Tribunal de Apelaciones y se deja sin efecto la consecutividad de sentencias impuesta por el Tribunal de Primera Instancia en la Resolución de 28 de febrero de 2018.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>David Vélez Torres<br><br>Peticionario | | CC-2022-210 |

SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2023.

Por los fundamentos antes expuestos, se revoca al Tribunal de Apelaciones y se deja sin efecto la consecutividad de sentencias impuesta por el Tribunal de Primera Instancia en la Resolución de 28 de febrero de 2018.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo